UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                Criminal No. 95-cr-77-JD

Troy Woodruff

O R D E R

Troy Woodruff, who is also known as Troy Arnold, entered a guilty plea on November 18, 1996, pursuant to a plea agreement, to one charge of distributing cocaine base. On February 14, 1997, he was sentenced to eight months in prison. Woodruff filed a petition for a writ of coram nobis on December 10, 2012, in which he seeks relief from his guilty plea and conviction. For the following reasons, the petition is denied.

Discussion

Woodruff contends that his guilty plea should be vacated and his conviction set aside because he entered the guilty plea based on the government's representation that he would be sentenced to "time served," which Woodruff represents was five months. Instead, the court imposed a term of eight months in prison, in accord with the applicable guideline range. Woodruff contends that the prosecutor and defense counsel then agreed that the additional three months should be served in home detention,

without arguing that the sentence should be limited to five months.  The court sentenced Woodruff to an eight-month prison term and explained that the Bureau of Prisons would credit Woodruff with the time he had already served in prison.

A writ of error coram nobis, pursuant to the All Writs Act, 28 U.S.C. § 1651, permits a court, "subject to certain conditions, [to] correct its own judgment on the basis of some patent error affecting the validity or regularity of that judgment."  Barreto-Barreto v. United States, 551 F.3d 95, 103 (1st Cir. 2008) (internal quotation marks omitted).  To succeed on a writ of coram nobis, "a coram nobis petitioner must explain his failure to seek earlier relief from the judgment, show that he continues to suffer significant collateral consequences from the judgment, and demonstrate that the judgment resulted from an error of the most fundamental character."  United States v. George, 676 F.3d 249, 254 (1st Cir. 2012).  Even if that standard is met, however, the court retains the discretion to deny the writ.  Id. at 255.

Woodruff does not adequately explain the delay in seeking relief from judgment.  The psychiatric report he provides does not suggest a debilitating mental illness or that Woodruff suffered any disability that prevented him from filing an appeal or seeking collateral relief in a timely fashion.  The colloquies

between the court and Woodruff at his change of plea hearing and his sentencing hearing demonstrate that Woodruff was not disabled by mental illness and that he understood the plea agreement and the nature of the proceedings.

In addition, Woodruff has not shown that the judgment was the result of an error of the most fundamental character. Woodruff argues that his counsel was ineffective because she induced him to plead guilty based on the government's promise that it would recommend a sentence of time served. Woodruff argues that the plea agreement was rendered void when the government did not pursue the shorter sentence.

The terms of the written plea agreement belie Woodruff's representations. Further, the transcripts of the change of plea hearing and of the sentencing hearing show that Woodruff understood that the plea agreement did not promise or guarantee a sentence of time served. The court also informed Woodruff of his right to appeal and the time limits for doing so.

The court need not consider whether Woodruff has adequately shown collateral consequences.[1] Because Woodruff cannot meet the

---

[1] Woodruff has been convicted on drug charges in two other cases in this court, 97-cr-74-JD and 11-cr-40-JL. While serving his sentence in 97-cr-74-JD, Woodruff violated the conditions of supervised release, which was revoked on April 3, 2001. In the most recent case, 11-cr-40-JL, Woodruff was sentenced on October 19, 2012, as a career offender because he had more than two prior

requirements for a writ of corum nobis, there is no need for further proceedings on the matter.

## Conclusion

For the foregoing reasons, the defendant's motion for a writ of error coram nobis (document no. 35) is denied.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

December 17, 2012

cc: Troy Woodruff, pro se
    U.S. Attorney's Office

---

felony convictions of either a crime of violence or a drug offence.